Matthew H. Storey, Esq. (SBN 279773)
Corrin M. Johnson, Esq. (SBN 310353)
LAW OFFICES OF SCHWARTZ & STOREY
2247 San Diego Ave., Suite #237
San Diego, California 92110
Telephone: (858) 430-8166
Facsimile: (858) 430-8167

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

C.R. By and Through Her Guardian Ad Litem ANDREA REA,

Plaintiffs,

v.

SAN DIEGO UNIFIED SCHOOL DISTRICT, SAN DIEGO UNIFIED SCHOOL DISTRICT SPECIAL EDUCATION LOCAL PLAN AREA.

Defendant.

**Case No.:** '17CV2270 AJB JMA

**COMPLAINT**

**(1) Appealing Portions of an Administrative Hearing Decision;**
**(2) Award for Attorney Fees as Prevailing Party Under 20 U.S.C. § 1415.**

## INTRODUCTION

1. This action is brought pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §1400 et seq.

## JURISDICTION AND VENUE

2. This court has jurisdiction of this action under 28 U.S.C. § 1331 because it arises under the Individuals with Disabilities Education Act ("IDEA"),

20 U.S.C. § 1400 et seq. Jurisdiction is expressly vested in this Court pursuant to 20 U.S.C. § 1415 (i)(2)(A) and 1415(i)(3)(A).

3. Venue is appropriate in this Judicial District pursuant to 28 U.S.C. 1391(b) because Defendant is located within San Diego County, which is within the jurisdiction of the U.S. District Court for the Southern District of California. All of the events that are the subject of this Complaint took place within the Southern District.

**PARTIES**

4. Plaintiff C.R. ("Student") is a citizen of the United States. At all relevant times herein, C.R. resided with her parents in San Diego County and the jurisdictional boundaries of the San Diego Unified School District.

5. Student's parent, Andrea Rea ("Parent" or "Plaintiff"), is a citizen of the United States, who at all times herein, resided within San Diego County and the boundaries of the San Diego Unified School District.

6. Defendant San Diego Unified School District ("SDUSD" or "District") is a public school district organized and existing under the laws of the State of California and is located within San Diego County. Defendant San Diego Unified School District Special Education Local Plan Area ("District SELPA") is a special education local plan area encompassing SDUSD exclusively.

**PROCEDURAL HISTORY & FACTUAL BACKGROUND**

7. C.R. is a nine-year-old girl who qualifies for special education and related services under the IDEA and California Education Code as a student with a disability under the eligibility categories of Autism and Speech and Language Impairment ("SLI").

8. On May 9, 2016, the District completed a speech and language assessment of C.R. Parent disagreed with the District's speech and language

assessment, and on September 7, 2016, Parent made a written request for an Independent Educational Evaluation ("IEE"), pursuant to 20 U.S.C. § 1415 (b)(1); 34 C.F.R. 300.502; Cal. Ed. Code § 56329(b).

9. On September 8, 2016, the District agreed to fund a speech and language IEE for Student in an amount not to exceed $900, pursuant to the District and/or the District SELPA's maximum allowable charge for a speech and language IEE (also referred to as "cost criteria").

10. On February 2, 2017, Parent informed the District that her chosen assessor, Crimson Center for Speech & Language, charged a minimum of $1,500 for a speech and language IEE, and requested that the District pay for the additional cost above $900.

11. On February 6, 2017, the District provided Parent with a prior written notice of its refusal to fund Student's speech and language IEE beyond $900.

12. On February 7, 2017, Plaintiff filed a request for due process ("Due Process Hearing") with the Office of Administrative Hearings ("OAH").

13. On or about February 8, 2017, OAH issued a Notice of Due Process Hearing and Mediation in the matter of *Parent on Behalf of Student v. San Diego Unified School District, San Diego Unified School District Special Education Local Planning Area, San Diego County Office of Education*, OAH Case No. 2017020361.

14. The Due Process Hearing was held in San Diego, California, before Administrative Law Judge Rommel Cruz ("ALJ") on June 13, 14, and 20, 2017.

15. The issue before OAH was as follows (as listed in the Decision):

1. Did San Diego Unified School District, San Diego Unified School District Special Education Local Plan Area, and San Diego County Office of Education, individually or collectively, deny Student a

free appropriate public education by failing to determine and/or provide an appropriate cost criterion for a speech and language independent educational evaluation, thereby interfering with Parent's choice of assessor?

16. On or about August 10, 2017, the Hearing Office issued its Decision ("OAH Decision"). A true and correct copy of the OAH Decision is attached hereto as Exhibit 1 and incorporated herein by reference.

17. The OAH Decision held that Plaintiff prevailed on the issue against the District and the District SELPA. Specifically, the OAH Decision determined that the District and/or the District SELPA's $900 cost criteria policy for an independent educational evaluation in the area of speech and language was too restrictive, interfering with Parent's ability to utilize her chosen SPL assessor, Crimson Center for Speech and Language, who charged a fee that was not unreasonably excessive. The ALJ ordered the District and District SELPA to fund a speech and language IEE for Student in an amount not to exceed $1,500, finding that Student did not present evidence at hearing to suggest Crimson Center could not conduct a comprehensive speech and language IEE of Student for $1,500.

**FIRST CLAIM FOR RELIEF**

**(FOR PARTIAL REVERSAL OF THE OAH DECISION IN CASE NO. 2017020361)**

18. Plaintiff alleges and incorporates by reference as through fully set forth herein, paragraphs 1-17, inclusive of this Complaint.

19. Plaintiff is a "party aggrieved" by the OAH Decision, as defined by 20 U.S.C. § 1415(i)(2)(A) and Cal. Educ. Code § 56505(k). OAH erred by limiting the funding for Student's IEE in an amount not exceed $1,500, ignoring substantial evidence at hearing that established a reasonable upper limit for funding a speech

and language IEE is over $1,500.

20. OAH also erred by failing to determine the appropriate maximum allowable charge for a speech and language IEE and/or order the District to adjust its cost criteria to reflect a reasonable rate in the speech and language community that excludes only rates that are unreasonably excessive.

## SECOND CLAIM FOR RELIEF

## (FOR RECOVERY OF ATTORNEYS' FEES AND COSTS UNDER 20 U.S.C. § 1415)

21. Plaintiff realleges and incorporates by reference as though fully set forth herein, paragraphs 1-20, inclusive of this Complaint.

22. As prevailing party in the proceeding before OAH, Plaintiff is entitled to reimbursement of reasonable attorneys' fees incurred during the course of those proceedings under 20 U.S.C. § 1415(i)(3)(B), as well as for attorneys' fees incurred seeking those fees as part of this Complaint.

## PRAYER FOR RELIEF

**WHEREFORE, Plaintiff requests judgement as follows**:

**On Plaintiffs' First Claim for Relief:**

23. Order District to fund Student's speech and language IEE in full.

24. Order District to adjust its cost criteria for speech and language IEEs.

**On Plaintiffs' Second Claim for Relief:**

25. Award reimbursement for reasonable attorneys' fees and costs incurred in connection with the proceedings before OAH in an amount as determined by the discretion of this court as authorized by 20 U.S.C. § 1415(i)(3)(B).

**On All Claims for Relief:**

26. Award reasonable attorneys' fees and costs incurred in connection

with the current proceeding.

27. For such additional relief as the court determined is appropriate.

Date: November 7, 2017 By: ______________________

Law Offices of Schwartz & Storey
Corrin M. Johnson, Esq.
Attorney for Plaintiff